liKLEES, Judge.
Defendant Winn Dixie Louisiana, Inc. (Winn Dixie) appeals from a judgment finding that Winn Dixie agreed to pay the medical expenses of plaintiff Kathleen Drago (Drago). For the following reasons, we affirm.
On August 7,1991, Drago slipped on some grapes while shopping in a Winn Dixie supermarket. Following her accident, Drago was assisted by Winn Dixie manager Thomas L. Fecke (Fecke). This appeal concerns a *213 promise Fecke allegedly made to pay for Drago’s medical expenses.
Trial was held December 13,1993. Sitting as trier of fact, the trial judge heard testimony from Drago, Fecke, and Winn Dixie manager Warren Ortique. The parties stipulated to medical expenses of $450.00, medical prescriptions of $25.65, and lost wages of $240.00. The parties also stipulated that Drago’s husband and son would have corroborated her testimony if they had taken the stand.-
Drago testified as follows concerning Fecke’s promise to pay medical:
The manager [ie. Fecke] wanted to call an ambulance or asked me to go to the doctor. I told him I didn’t know if that was necessary. My son said to me that it looked like it was swelling and all. And I said, ‘Well, let’s just get home and let’s see what’s what.’ So then, before I left the manager came to me and said to go to the doctors, they would take care of everything * * *
Winn Dixie objected to Drago’s testimony concerning Fecke’s promise to pay medical, pursuant to La.C.E. Art. 409. The trial judge ruled that the testimony was admissible under La.C.E. Art. 409 because it went to Winn Dixie’s offer to pay medical rather than to Winn Dixie’s liability.
Drago additionally testified that two witnesses were standing by. Drago stated, “The manager assured them it wasn’t necessary for them to give their names or phone numbers, that they were taking care of everything.” Fecke later denied dismissing the two witnesses.
Drago testified that she thought the doctor’s office called to verify the charges, but she admitted that she was not certain. She also stated that she called Winn Dixie before her appointment to inform the store that she was going to the doctor. She testified further that |2an insurance company, presumably Winn Dixie’s insurer, contacted her before she left for her appointment.
Drago stated that she broke her toe in the accident, and also injured her knee, wrist, neck, and shoulder. She saw her physician on three occasions.
Fecke testified that he did not agree to pay medical bills. He stated:
I agreed if she needed any kind of treatment resulting from the injury that she could go to a doctor or hospital and to call the store and ask for me to verify the charges.
Judgment was rendered December 14, 1993, awarding Drago $475.65 for her medical and pharmacy expenses, plus judicial interest and court costs. In reasons for judgment, the trial court stated:
The plaintiff testified that the manager told her that when she went to the doctor to have the office call the store. However, the plaintiff did not have the doctor’s office call the store. * * *
The Court finds that the manager of the store had agreed to pay reasonable medical expenses incurred by the plaintiff.
Otherwise, the Court finds that there is no liability on behalf of the defendant under RS 9:2800.6 because the plaintiff has failed to carry her burden of proof in establishing that the defendant had actual or constructive notice of the grapes on the floor prior to the occurrence.
Winn Dixie brought this appeal, arguing that the trial court erred in allowing testimony on Fecke’s promise to pay medical, and in concluding that Fecke agreed to pay medical expenses.
First, Winn Dixie argues that Drago’s testimony concerning Feeke’s promise to pay medical expenses was inadmissible under La. C.E. Art. 409. We find no merit to this argument.
La.C.E. Art. 409, payment of medical and similar expenses, provides:
In a civil case, evidence of furnishing or offering or promising to pay expenses or losses occasioned by an injury to person or damage to property is not admissible to prove liability for the injury or damage nor is it admissible to mitigate, reduce, or avoid liability therefor. This Article does not require the exclusion of such evidence when it is offered solely for another pur *214 pose, such as to enforce a contract for payment.
(emphasis added).
The second sentence of La.C.E. Art. 409 specifically states that evidence of a promise to pay medical expenses is admissible to enforce a contract for payment. The transcript of this matter shows that the parties discussed La.C.E. Art. 409, and that the trial judge was aware that the evidence in question was being admitted solely to prove a contract to pay | .-¡medical expenses. Although Winn Dixie argues in brief that “[t]he trial court’s written ruling and ultimate judgment both clarify that the evidence went solely to Winn Dixie’s liability rather than to any part of a contractual agreement,” the trial court’s reasons for judgment belie this assertion. Moreover, Winn Dixie was found free from liability under La.R.S. 9:2800.6; thus, even if the evidence was admitted for the purpose of proving liability, such admission was harmless error.
Second, Winn Dixie argues that the trial court erred in finding that the exchange between Drago and Feeke gave rise to an enforceable obligation to pay medical expenses. Winn Dixie argues that an enforceable obligation did not arise because the exchange lacked the required element of mutual consent. La.C.C. Art. 1927. Specifically, Winn Dixie asserts that the parties did not come to a meeting of the minds because Drago’s doctor failed to call Winn Dixie for confirmation of the medical costs. We disagree. Fecke’s statement concerning confirmation of the medical charges provides a reasonable basis for the trial court’s conclusion that Winn Dixie consented to pay reasonable costs. We find no error in this conclusion. Under these circumstances, failure of the doctor to call Winn Dixie would vitiate Winn Dixie’s consent only as to those costs that were unreasonable. Winn Dixie does not argue that Drago’s $475.65 bill for medical services was unreasonable.
In a related argument, Winn Dixie asserts that whatever offer Fecke may have extended was contingent on Drago having her physician call Winn Dixie to verify the charges. See La.C.C. Arts. 1767, 1940, and 2029. For the reasons expressed above, we disagree. Fecke’s statement concerning confirmation of the charges went only to the reasonableness of the medical charges, not to the essence of Winn Dixie’s promise to pay reasonable medicals.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.